**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ONYEMAECHI OKAFOR,<br><br>Plaintiff,<br><br>v.<br><br>ESSEX COUNTY COLLEGE N REPRESENTATIVES IN RELATION TO INCIDENT, *et al.*,<br><br>Defendants. | No. 26cv9401 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Onyemaechi Okafor filed this civil rights action on July 25, 2026, together with an application to proceed *in forma pauperis* ("IFP"). D.E. 1; D.E. 1-2 ("IFP Application" or "IFP App."). Because the IFP Application omits material financial information, the Court cannot determine whether Plaintiff qualifies to proceed without prepaying the filing fee. The Court will therefore **DENY** the IFP Application ***without prejudice***.

## I. BACKGROUND

Plaintiff submitted the two page AO 240 short-form IFP application and signed it under penalty of perjury. IFP App. at 1–2. He reports zero gross and take-home wages. *Id.* at 1. Under "Other Income," however, Plaintiff checks "Yes" for "[b]usiness, profession, or other self-employment" but does not identify the source of that income, state how much he received during the past 12 months, or state what he expects to receive in the future, as the form directs. *Id.*

Plaintiff reports zero cash or funds in checking or savings accounts and zero property or other assets. *Id.* at 2. He also reports zero housing, transportation, utility, loan, or other regular monthly expenses without explaining how he meets ordinary living expenses. *Id.* In response to

the question concerning dependents, Plaintiff states that his mother and sister depend on him and that he supports them "with love," but he provides no amount of financial support. *Id.* Finally, he reports approximately $4,000 in "credit debt hospital + tickets" but does not identify to whom those amounts are payable or otherwise break down the obligation. *Id.*

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915(a)(1), a court may authorize a litigant to proceed without prepaying fees if the litigant submits a proper affidavit and "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines*, 886 F.2d 598, 601 (3d Cir. 1989). Although Section 1915 refers in part to prisoners, courts apply Section 1915(a)(1) to non-prisoners as well. *Hickson v. Mauro*, No. 11-6304, 2011 WL 6001088, at *1 (D.N.J. Nov. 30, 2011) (collecting cases).

The affidavit must be complete, made in good faith, and provide enough detail for the Court to evaluate the applicant's financial condition. *Atl. Cnty. Cent. Mun. Ct. v. Bey*, No. 24-105, 2024 WL 1256450, at *1 (D.N.J. Mar. 25, 2024). An incomplete financial affidavit does not satisfy Section 1915(a)(1). *Rohn v. Johnston*, 415 F. App'x 353, 354–55 (3d Cir. 2011). Whether to grant IFP status lies within the Court's discretion. *Cotto v. Tennis*, 369 F. App'x 321, 322 (3d Cir. 2010).

## III. ANALYSIS

The IFP Application does not provide enough information to determine Plaintiff's financial eligibility. Most importantly, Plaintiff affirmatively reports self-employment income but omits the source and amount of that income. IFP App. at 1. The form specifically instructs an applicant who answers "Yes" to any source of other income to describe the source, state the amount received, and state what the applicant expects to receive in the future. *Id.* Plaintiff supplies none of that information.

The remainder of the application does not cure that omission or otherwise provide a usable picture of Plaintiff's finances. Plaintiff reports no regular monthly expenses but does not explain how he pays for housing, food, transportation, utilities, or other necessities. IFP App. at 2. He identifies his mother and sister as dependents but gives no amount he contributes to their support, and his description of approximately $4,000 in debt does not identify the payees or amounts attributable to the listed obligations. *See id.*

Without this information, the Court cannot determine Plaintiff's actual financial condition or whether paying the filing fee would require him to sacrifice the necessities of life. *Sinwell v. Shapp*, 536 F.2d 15, 19 n.14 (3d Cir. 1976). The Court will not infer the amount of Plaintiff's self-employment income, his actual monthly expenses, or the extent of his financial obligations from an incomplete record. The IFP Application will therefore be **DENIED**. *Rohn*, 415 F. App'x at 355. The Court will provide Plaintiff an opportunity to submit a complete AO 239 application that accurately states all income, assets, debts, expenses, and other financial support, including an explanation of how he meets ordinary living expenses if he again reports no regular expenses, or to pay the $405 filing fee.

## IV. CONCLUSION AND ORDER

For the reasons stated above,

**IT IS** on this 24th day of August 2026,

**ORDERED** that Plaintiff's IFP Application, D.E. 1-2, is **DENIED *without prejudice***; and it is further

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this action; and it is further

**ORDERED** that within **30 days** of entry of this Order, Plaintiff may seek to reopen this matter by either (1) submitting a complete and accurate AO 239 application that answers every question and states all requested amounts, including all income, assets, debts, expenses, and sources of financial support, or (2) paying the full $405 filing fee; and it is further

**ORDERED** that the Clerk shall mail Plaintiff a copy of this Memorandum Order and a blank AO 239 form by regular mail; and it is finally

**ORDERED** that upon Plaintiff's timely submission of either a complete and accurate AO 239 application or the full $405 filing fee, the Clerk shall **REOPEN** this action for further review.

Evelyn Padin, U.S.D.J.